Michael Richardson
Reg. No. 41001-013
U.S. Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734
<u>Pro Se</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff-Respondent,<br><br>v.<br><br>MICHAEL RICHARDSON,<br>    Defendant-Movant. | No. 1:15-cr-00161-JMS<br>    (criminal file)<br><br>No. _____<br>    (§2255 civil file)<br><u>SUPPLEMENT TO MOTION TO VACATE,</u><br><u>SET ASIDE OR CORRECT SENTENCE</u> |

COMES NOW Defendant-Movant Michael Richardson (hereinafter "Movant" or "Mr. Richardson") and respectfully requests all relief appropriate under 28 U.S.C. §2255 from his criminal conviction in this Court.

### INTRODUCTION

1. This motion challenges Mr. Richardson's 480-month sentence (360-month concurrent sentences on counts one through three followed by a consecutive 120-month sentence on count four) and lifetime supervised release, judgment for which was entered on November 7, 2016. United States District Court, Southern District of Indiana, Indianapolis Division, Case No. 1:15-cr-0016-JMS-MJD, Doc. 64.[1]

2. Movant incorporates by reference the facts and procedural details set forth in his concurrently filed Form Motion to Vacate,

---

1. All future docket references in this motion will be to this case number in the Southern District of Indiana, Indianapolis Division.

Set Aside or Correct Sentence (hereinafter "§2255 Form Motion"). The instant document will be referred to as "§2255 Motion Supplement" and the two documents collectively constitute Movant's "§2255 Motion."

3.  In support of his §2255 Motion, attached as **Exhibit A**, is the Declaration of Michael Richardson. Movant incorporates by reference herein all facts and allegations set forth in Exhibit A.

4.  Movant anticipates filing an amended §2255 motion supported by additional exhibits. Despite diligent efforts to obtain case-related documents from his former attorney, Mr. Richardson has been unable to secure anything other than a docket index and a few pages of his presentence report. See Movant's concurrently filed Motion for Copy of Case File and Transcripts and its supporting declaration. Filing of the instant motion was necessary to preserve Mr. Richardson's rights in the face of the statutory deadline for filing under 28 U.S.C. §2255. Unless this Court directs a faster response, Movant will file an amended §2255 motion relating back to the instant motion and/or a motion for discovery within sixty (60) days of his actual receipt of the documents he has requested from the Court.

## PARTIES

5.  Movant Michael James Richardson (Bureau of Prisons Reg. No. 41001-013) is currently incarcerated at the U.S. Penitentiary Tucson, serving a sentence imposed by this Court following a

change of plea to charges of sexual exploitation of a minor, in violation of 18 U.S.C. §2251(a) (counts one through three), and conspiracy to distribute sexually explicit images of a minor, in violation of 18 U.S.C. §2252A(a)(2) (count four).

6. Plaintiff-Respondent United States of America (hereinafter "Respondent") was represented in the underlying criminal matter by Steven D. DeBrota of the Indianapolis United States Attorney's Office.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court under 28 U.S.C. §2255 as it is the court in which the underlying judgment of conviction was entered.

8. Judgment against Mr. Richardson was entered on November 7, 2016, and became final when the time for appeal expired on November 22, 2016. See Doc. 64 and Fed. R. App. P. 4(b). Movant submitted the instant motion to prison authorities for mailing on November 22, 2017. See Houston v. Lack, 487 U.S. 266 (1988) (petition of a pro se inmate is deemed filed on the day it is submitted to prison authorities for mailing). Accordingly, this motion is timely filed under 28 U.S.C. §2255 and the Court has jurisdiction to proceed.

## PROCEDURAL AND FACTUAL HISTORY

9. The relevant procedural and factual history is set forth in the accompanying §2255 Form Motion and in Exhibit A.

## GROUNDS FOR RELIEF

### First Ground for Relief:
### Illegal Warrantless Search of Movant's Computer

10. On information and belief, authorities effected a warrantless and nonconsensual search of Movant's computer and/or related network equipment in late 2014 or early 2015 in order to obtain identifying information about that computer and/or equipment.

11. The information sought by authorities about the e-mail account they were investigating would have been readily available via a warrant served upon the e-mail service provider (Yahoo!) or one of the cloud-based storage services hosting allegedly illegal files associated with the e-mail account (such as DropBox). Instead, investigators elected to circumvent the warrant requirement and obtained Movant's private information through an artifice most often employed by computer "hackers" and "phishers" engaged in illegal activities. In so doing, authorities violated Mr. Richardson's computer equipment, his privacy and the Fourth Amendment.

12. The identifying information obtained in this illegal, warrantless search— and the fruits of the search— would have been suppressible in any resulting trial of Movant.

### Second Ground for Relief:
### Unlawful Entrapment

13. Movant incorporates all preceding paragraphs as if fully set forth herein.

14. With regard to count four of the Information, conspiracy

to receive or distribute sexually explicit images of a minor, the authorities persuaded and induced Movant to commit any offense that may have occurred, and Movant was not at the time of the alleged offense predisposed to commit it.

### Third Ground for Relief: Unlawful General Warrant

15. Movant incorporates all preceding paragraphs as if fully set forth herein.

16. On information and belief, the warrants underlying searches at Movant's residences were insufficiently particularized both as to the probable cause showings used to obtain them and as to specification of items to be searched and/or seized. As such, they amounted to unlawful general warrants, violating the Fourth Amendment.

### Fourth Ground for Relief: Illegal Seizure of Mr. Richardson

17. Movant incorporates all preceding paragraphs as if fully set forth herein.

18. Movant was accosted in his home by a large squad of armed police from multiple law enforcement agencies. He was seized and required to strip naked in front of ten officers while one of them took photographs of his nude body and genitals. Movant's detention lasted beyond the time necessary to secure and search the premises, and Movant reasonably believed that he was at no time free to leave.

19. Mr. Richardson was given a choice between being questioned at home— which officers informed him would entail a continuing spectacle for neighbors and family of a large law enforcement presence at his home— or being questioned at a Federal Bureau of Investigations ("FBI") office. But given the substantial show of force and the commanding manner of the officers and agents present, Movant reasonable believed that he had no option to break contact with law enforcement. Had he believed he had such a choice, Mr. Richardson would have left or told authorities to leave, and within a short time would have consulted a lawyer about the search. Instead, Movant was removed from his home in handcuffs and transported to an FBI office, despite there being no warrant for his arrest.

20. Movant submits that all fruits of this unlawful seizure would have been suppressible in any resulting trial against him.

### Fifth Ground for Relief: Un-Mirandized Custodial Interrogation

21. Movant incorporates all preceding paragraphs as if fully set forth herein.

22. Following his unlawful seizure, authorities questioned and elicited statements from Mr. Richardson in his home, at the FBI office and en route in between. Movant was not in any way advised of his <u>Miranda</u> rights until well after he arrived at the FBI office.

23. Movant submits that both the fruits of his un-<u>Mirandized</u> statements and the statements themselves would have been suppressible

in any resulting trial against him.

### Sixth Ground for Relief:
### No Effective Waiver of Miranda Rights

24. Movant incorporates all preceding paragraphs as if fully set forth herein.

25. Movant submits that any purported waiver of his Miranda rights was not knowing, intelligent and voluntary. Movant was led to believe that he would be allowed to go home if he just cooperated and answered the authorities' questions. Invoking his right to counsel or to remain silent, on the other hand, would result in his formal arrest. Mr. Richardson was therefore coerced and cajoled into a purported waiver of his rights. Any such waiver was also influenced by other official misconduct, such as authorities' misrepresenting the search warrant as requiring him to unlock his smartphone and provide passwords to other computer accounts. Once it became clear to Mr. Richardson that he would not be allowed to go home after the questioning, authorities advised him that his continued cooperation would help him because it would favorably influence the judge in any resulting criminal proceedings.

26. Movant submits that any statements made after the ineffective waiver of his Miranda rights and any fruits of those statements would have been suppressible in any resulting trial against him.

### Seventh Ground for Relief:
### No Effective Waiver of Preliminary Hearing

27. Movant incorporates all preceding paragraphs as if fully

set forth herein.

28. Movant submits that any purported waiver of his right to a preliminary hearing was not knowing, intelligent and voluntary. First, due to severe mental illness exacerbated by the effects of his recent apprehension and detention, Mr. Richardson was not at that time competent to waive his right to a preliminary hearing. Despite his long history of impaired mental health as well as a prior adjudication that he was incompetent to stand trial, neither defense counsel nor the Court made any meaningful inquiry into Movant's mental state or ability to knowingly, intelligently and voluntarily waive his rights.

29. Second, defense counsel's persuasion of Movant to forego a preliminary hearing was more in keeping with counsel's convenience than with Mr. Richardson's best interests. Defense counsel unjustifiably gave up an opportunity to learn information critical to assessing whether a motion to suppress would be viable and to obtain and preserve evidence for such a motion, including the prior statements of any witness called at the preliminary hearing and potentially the disclosure of relevant <u>Brady</u> and <u>Giglio</u> material by the prosecution. No strategic reason existed for counsel's failure to test the government's case at a preliminary hearing. Mr. Richardson suffered actual prejudice as a result of counsel's failure, in that the government was not forced to produce evidence and information that may have been critical to a motion to suppress. Since it is with the judge or magistrate judge's discretion to require the government to show at a preliminary

hearing that admissible evidence would be available at trial, it is possible that Movant would have prevailed at a preliminary hearing and been discharged.

### Eighth Ground for Relief: Unwarranted Prosecutorial Delay

30. Movant incorporates all preceding paragraphs as if fully set forth herein.

31. Movant was in custody for 156 days between his initial appearance on the Complaint and the filing of an Information. See Docs. 6 and 26. The government was granted four extensions of time in which to file an indictment or information. Docs. 15, 18, 21 and 24. Defense counsel did not oppose these repeated extensions, although Mr. Richardson's mental health was continuing to deteriorate during this delay.

32. On information and belief, this prosecutorial delay was unwarranted and was intentionally imposed by the government in order to obtain a tactical advantage. Actual prejudice resulted from the delay, including but not limited to a marked deterioration of Movant's mental health as he remained in detention. The unwarranted delay violated the Due Process Clause of the Fifth Amendment, the Sixth Amendment right to a speedy trial, and the Speedy Trial Act.

### Ninth Ground for Relief: Ineffective Waiver of Indictment

33. Movant incorporates all preceding paragraphs as if fully set forth herein.

34. After the government failed for 156 days to obtain a grand jury indictment of Mr. Richardson, and two days after the fifth court deadline for filing of an information or indictment had passed with no motion for an extension filed, defense counsel and the government had Mr. Richardson brought to Indianapolis from the detention center in Kentucky. See Docs. 24 and 26. The Movant— who was then suffering from a major depressive episode, suicidal ideation and auditory hallucinations— was awoken at 2 a.m. with no idea why he was being transported to Indianapolis since there was no hearing scheduled in his case. After enduring a five-hour, sleepless prison bus transfer in shackles, Mr. Richardson was escorted to a meeting with his attorney. There, Movant was urged by counsel to waive his right to indictment and sign a form allowing the government to proceed by information. Due to his severely compromised mental health at the time and his sleep-deprived state, Mr. Richardson does not recall the extent to which his lawyer explained the rights he would be giving up. Movant complied with her request and signed the form.

35. Some days later, Mr. Richardson signed another copy of the waiver form in open court. As he understood it, he had already waived his rights and this was just a required formality. Accordingly, Mr. Richardson had only minutes to consider waiver of a major trial right, and was unable to do so knowingly, intelligently and voluntarily in sleep-deprived and severely mentally compromised state. On information and belief, the government and/or defense counsel had Mr. Richardson awoken in the middle

of the night and brought five hours from Kentucky— instead of handling the matter by mail and tele- or video-conference— because of the missed deadline for filing an information or indictment and the government's imminent need to obtain a waiver of indictment from Movant.

### Tenth Ground for Relief:
### Failure to Timely Disclose Brady and Giglio Material

36. Movant incorporates all preceding paragraphs as if fully set forth herein.

37. On information and belief, the prosecution knew of and/or was in possession of evidence that tended to exculpate Mr. Richardson and/or was potential impeachment material for likely government witnesses. The trial in Mr. Richardson's matter was continued several times. On multiple occasions, the matter reached a date less then two weeks before trial without the filing of a continuance request, and the government did not disclose any Brady or Giglio material. One one occasion, the matter reached a date one day before final pre-trial conference and five days before trial with no such disclosures by the government.

38. On information and belief, the government intentionally withheld relevant Brady and/or Giglio material from the defense in order not to undermine its position in plea negotiations and to gain an advantage if the matter went to trial. Movant suffered actual prejudice from such withholding, as there was a reasonable probability that disclosure of such material could have led to a more favorable plea agreement or to acquittal.

## Eleventh Ground for Relief:
## Ineffective Assistance of Counsel in Guilt Phase of Proceedings

39. Movant incorporates all preceding paragraphs as if fully set forth herein.

40. With regards to and in conjunction with Grounds for Relief One and Three through Nine, Movant submits that he received ineffective assistance of counsel. Mr. Richardson's attorney failed repeatedly to conduct adequate investigations and ascertain relevant facts concerning his case. For example, she failed to question Mr. Richardson in detail about the search of his home and his subsequent seizure and interrogation by authorities. Counsel failed to obtain adequate details of either Mr. Richardson's mental health history or his mental state during proceedings. She failed to meaningfully test the government's case with the various pre-trial mechanisms available for her to do so, including the filing of motions to suppress and dismiss. Defense counsel failed to diligently and zealously uphold Mr. Richardson's trial rights, and failed to make good use of those rights on his behalf.

41. In addition to ineffective assistance relating to previously stated grounds, Movant's counsel failed to adequately investigate the search warrants and whether they were based on insufficient probable cause, material misrepresentations or unlawful conduct. She did not ascertain whether the information as filed failed to state an offense or was otherwise deficient. Defense counsel failed to ensure that information Movant disclosed in a proffer statement was not used against him. She failed to obtain a

psychiatric examination of Mr. Richardson. Defense counsel was also ineffective in negotiating a plea deal for Movant, as set forth further below.

42. The performance of Movant's lawyer fell below an objective standard of reasonableness. Notwithstanding any post hoc rationalization of her choices, there was no strategic reason for defense counsel's poor performance. Mr. Richardson suffered actual prejudice as a result of the ineffective assistance. Had counsel performed adequately, there is a reasonable probability he would have received a more favorable plea deal, acquittal or the dismissal of charges against him.

### Twelfth Ground for Relief:
### Guilty Plea Was Not Knowing, Intelligent and Voluntary

43. Movant incorporates all preceding paragraphs as if fully set forth hereing.

44. At the time he pleaded guilty, Mr. Richardson was suffering from a severe depressive episode with psychotic features, anxiety attacks, suicidal edeation, sleep disturbances, erratic appetite and other psychiatric symptoms. He was accosted almost daily by what he perceived as external voices telling him that he was a monster, that it would be better if he died and that he deserved to have bad things happen to him. Mr. Richardson's poor mental health was exacerbated by his being locked down in an overcrowded prison cell 23.75 hours a day with thirteen other inmates, several of whom were sleeping on the floor and some of whom were also suffering from psychosis and creating periodic disturbances.

There were loud noises and other disturbances in the cell nearly around the clock. Mr. Richardson was able to access mental health care only about once every three months, for a brief appointment regarding his medications only.

45. At the time of Mr. Richardson's plea, the Court ascertained that he was taking antipsychotics and antidepressants, but inquired primarily into whether the side effects of these medications could negatively impact his ability to proceed. The Court did not adequately inquire into the diagnoses and symptoms these medications had been prescribed to treat. To the extent that it did, the Court relief upon Mr. Richardson's own evaluation of his state of mind, even though individuals suffering from psychiatric illness often do not have accurate insight into the extent of their own impairment. Although aware to some extent of Movant's mental health history, defense counsel did not bring it to the Court's attention.

46. Mr. Richardson's psychiatric impairment was severe and it took away his ability to recognize his best interests and to care about himself enough to defend these interests. Had he been healthy, Mr. Richardson would not have pleaded guilty under the circumstances.

47. Movant's guilty plea was also strongly influenced by the ineffective assistance of counsel alleged above. As a result of counsel's poor performance, Mr. Richardson entered the plea bargain process in a far worse position than he would have been had he received adequate representation. Defense counsel's

performance was also deficient in the plea negotiation itself. On information and belief, she misadvised him as to his rights and prospects at trial, and counseled him to accept the plea agreement even though it stipulated facts that Movant knew were not true, including that he had molested his older daughter.

48. Accordingly, Movant's plea of guilty and his waiver of all rights associated with that plea and the plea agreement were not knowing, intelligent and voluntary.

### Thirteenth Ground for Relief: Incorrect Guidelines Calculation

49. Movant incorporates all preceding paragraphs as if fully set forth herein.

50. The U.S. Sentencing Guidelines calculation underlying Movant's sentence is in error. First, it is based in part upon false factual stipulations contained in the plea agreement, including that Movant molested his older daughter. Second, it applies enhancements that are not legally and/or factually justified, including enhancements relating to sexually dangerous predators, distribution and images containing sadomasochistic content. In addition, the presentence report contains various factually inaccurate statements that may have been material in determining Movant's sentence.

### Fourteenth Ground for Relief: Ineffective Assistance of Counsel During Sentencing Phase

51. Movant incorporates the preceding paragraphs as if fully

set forth herein.

52. Defense counsel's performance during the sentencing phase of Movant's criminal proceeding fell below an objective standard of reasonableness and resulted in actual prejudice to Mr. Richardson. First, counsel failed to adequately investigate and document mitigating factors that could have resulted in a lower sentence for her client. She informed the probation officer preparing the pre-sentence report of Movant's history of severe psychiatric illness, but did not bother to obtain records of that illness. She failed to request an expert psychiatric evaluation to present in conjunction with sentencing. Second, defense counsel failed to properly object to multiple legal and factual errors in the pre-sentencing report. After receiving an extension of time in which to file a sentencing memorandum, defense counsel still feiled the memorandum long after the Court's deadline, like affecting the Court's consideration of that document.

### Fifteenth Ground for Relief: Failure to Properly Advise of Appeal Rights

53. Movant incorporates all preceding paragraphs as if fully set forth herein.

54. Mr. Richardson was no properly advised of his right to appeal his sentence. To the best of Movant's recollection, he was counseled by his attorney that he was allowed to appeal neither his conviction nor his sentence. On information and belief, the plea agreement would have allowed Movant to appeal his sentence, and Mr. Richardson would have done so if so informed.

## CONCLUSION

WHEREFORE Movant respectfully requests that the Court:

(1) Vacate his conviction and sentence in this matter;

(2) Set aside Movant's guilty plea, the Information and all purported waivers of trial rights by Movant;

(3) Order Respondent to preserve all evidence relating to Movant's claims herein; and

(4) Hold this matter in abeyance until 60 days after the Court has sent Movant a copy of the documents he has requested in his separately filed Motion for Copy of Case File and Transcripts.

Respectfully submitted this twenty-second day of November, 2017.

*Michael J. Richardson*
Michael Richardson
Pro Se