Michael Richardson
Reg. No. 41001-013
U.S. Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734
Pro Se

1:17-cv-4472 JMS-DML

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | ) <br> ) <br> ) | No. 1:15-cr-00161-JMS<br>    (criminal file) |
| v. | ) <br> ) | No._____<br>    (§2255 civil file) |
| MICHAEL RICHARDSON,<br>    Defendant. | ) <br> ) <br> ) <br> ) | MOTION FOR COPY OF CASE<br>FILE AND TRANSCRIPTS |

DEFENDANT MICHAEL RICHARDSON RESPECTFULLY REQUESTS that the Court provide him with the below-listed documents and transcripts relating to his criminal matter. As discussed further below, these items are needed in conjunction with Defendant's motion for relief under 28 U.S.C. §2255.

Should the Court grant this motion for copies, Defendant further requests that the documents be sent to him at the address at the top of this page in envelopes prominently marked "LEGAL MAIL - OPEN ONLY IN PRESENCE OF INMATE." Due to local prison operating procedures, omission of this exact text from the face of the envelope will result in substantial delivery delays and possible nondelivery.

Request for Pre-Existing Case Documents

Defendant requests copies of the following docket items, including all attached exhibits or other addenda: **1, 4, 6, 8, 14-26, 31, 34-35, 38-43, 45-47, 50, 52-53, 58, and 61-64.**

Defendant also requests a copy of his pre-sentencing report and any attachments, if available in the Court's files.

The Seventh Circuit has stated that unrepresented indigent inmates "have an absolute personal right to reasonable access to the pre-existing files and records of their underlying case." Rush v. United States, 559 F.2d 455, 458 (7th Cir. 1977). Therefore, "requests for the pre-existing record in the underlying criminal proceeding should be granted as of right by the district courts to prisoners seeking to use the record to prepare a collateral attack on their conviction." Id. at 459-60. Although never approved by the Court of Appeals and at least somewhat in tension with Rush, some district courts within the Seventh Circuit have required a pro se inmate to (1) "exhaust his private sources of access to transcripts and records of the proceedings through and from his trial and appellate counsel," (2) "set forth his efforts to exhaust his personal sources, and the results thereof," and (3) "make some showing as to the purpose for which the" case records are sought before receiving copies of the records from the court. See United States ex rel. Davidson v. Wilkinson, 618 F.2d 1215, 1218 n.3 (7th Cir. 1980).

Accordingly, Defendant respectfully submits that he has exhausted his private sources of access to records in his case. Beginning in January of 2017, Mr. Richardson repeatedly sent letters to his former appointed attorney requesting copies of his case file. See Exhibit A at ¶¶4-5 (declaration detailing Defendant's attempts to obtain his records). His attorney has sent him only a copy of the court docket index in reply. Id.

Defendant needs the requested records as evidence he believes will entitle him to relief under 28 U.S.C. §2255. For further information on the particular grounds for relief, please see Defendant's concurrently filed §2255 motion and supporting declaration.

Request For Transcripts

Defendant respectfully requests transcripts of the following proceedings: 9/11/2015 Initial Appearance on Information (referenced in docket entry 38); 6/9/2016 Plea Agreement Hearing (referenced in docket entry 50); and 10/28/2016 Sentencing Hearing (referenced in docket entry 63).

A pro se indigent inmate has a right to receive transcripts of his criminal proceeding at no expense to the inmate "if the trial judge or a circuit judge certifies that the suit or appeals [sic] is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. §753(f). The Defendant respectfully requests such certification. He submits that the §2255 motion submitted concurrently with the instant motion has an arguable basis in fact and law— as set forth in that motion and its supporting documentation— and is not frivolous. Cf. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (under the 28 U.S.C. §1915 screening mechanism for in forma pauperis claims, a complaint is "frivolous where it lacks an arguable basis either in fact or in law").

Transcripts of all hearings are required as evidence of how rights and procedures were explained to the Defendant, whether any waiver of certain rights was knowing and voluntary, whether

there was any indication at the hearings that Defendant might suffer from a psychiatric impairment affecting his competency or criminal responsibility and whether Defendant's appointed attorney performed effectively within constitutional requirements. See Exhibit A at ¶¶7-9.

Defendant submits that all requested documents and transcripts are material to his §2255 motion and that his pursuit of relief will be prejudiced without them. Accordingly, this motion should be granted.

Respectfully submitted this 20th day of November, 2017.

*[signature: Michael J. Richardson]*

Michael Richardson
<u>Pro Se</u>