Michael Richardson
Reg. No. 41001-013
U.S. Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734
Pro Se



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:15-cr-00161-JMS |
|     Plaintiff, ) | (criminal file) |
| ) | |
|     v. ) | No. _____ |
| ) | (§2255 civil file) |
| MICHAEL RICHARDSON, ) | |
|     Defendant. ) | MOTION TO SEAL |
| ) | CASE AND/OR FILING |

1:17-cv-4472 JMS -DML

COMES NOW Defendant Michael Richardson and respectfully requests that this motion and his concurrently filed Motion to Vacate, Set Aside or Correct Sentence ("§2255 Motion") and all supporting exhibits be filed under seal. If the Clerk dockets a new civil matter for Defendant's §2255 Motion, he respectfully requests that the case be sealed.

Compelling reasons exist for sealing these matters. The case underlying Defendant's §2255 Motion involved minor victims who could suffer emotional harm and embarassment if their identities or experiences become publicly known. For that reason, documents in the criminal case were previously sealed by this court. In addition, Defendant's collateral attack on his conviction will involve disclosure of sensitive psychiatric information, including medical records regarding his pre-conviction diagnosis with severe psychotic illness. The serious stigma attached to public disclosure of such information has already played a role in preventing Mr.

Richardson from timely disclosing it in this matter. In addition, seeing the private information of childhood sexual abuse victims publicized could dissuade other similarly situated victims from coming forward to disclose the offenses against them and aiding in their prosecution. Criminal defendants with serious psychiatric illness may also be dissuaded from disclosing their sensitive mental health situations to courts if they see that such information will become a matter of public record.

Sealing the requested filings will serve to protect the above interests of privacy and justice. The proposed sealing is no broader than necessary to protect those interests, and no reasonable alternative to sealing exists that would adequately protect the asserted interests. Accordingly, departure from the background rule of public access to court documents is appropriate. See <u>Waller v. Georgia</u>, 467 U.S. 39, 48 (1984).

Defendant is unable to access and comply with the Southern District of Indiana Local Rules due to their unavailability on the offline Lexis research system provided to inmates at his institution. Assuming they are substantially the same as rules for the Northern District of Indiana, Defendant is unable to comply with any electronic filing requirement (he has no access to the Internet) or with any requirement that documents be sealed in a separate envelope (he has access only to one size of envelope for mailing of unfolded documents). Defendant requests that the Court grant him appropriate procedural latitude as an incarcerated, <u>pro se</u> litigant.

Respectfully submitted this twenty-second day of November, 2017.

                                                                  _/s/ Michael J. Richardson_
                                                                  Michael Richardson
                                                                  <u>Pro Se</u>