UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL JAMES RICHARDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 1:17-cv-04472-JMS-DLP |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RESPONSE IN OPPOSITION TO SECTION 2255 MOTION**

Richardson has filed a 28 U.S.C. § 2255 motion to vacate his sentence. He is entitled to no relief because (1) his motion is time-barred, (2) his appellate waiver forecloses most of his claims, (3) his plea deal was knowing and voluntary, (4) his counsel was effective , and (5) his constitutional claims (other than his ineffective assistance of counsel claim) are procedurally defaulted. The Court should deny his motion.

**I.     BACKGROUND**

**Richardson Discovered As Part of Network of Pedophiles Trading Images and Videos of Children**

Richardson sent emails from the account, registered to "Tiff Rich," to roughly 80 people on July 25, 2014. (PSR at ¶ 9.) The email said, "[t]his folder is just pics of all ages and all desires… write back with pics and vids of 0-12 yo hard pen, oral, swallowing, brutal, rape, anal, anything goes and tell me what you like. I also have

some very 'special' personal vids of me and my daddy :)". (*Id.*) The email included a link to a deactivated Dropbox file location. (*Id.*)

On October 26, 2014, the same account sent an email containing over 180 images depicting minors engaged in sexually explicit conduct. (*Id.* at ¶ 10.) On January 30, 2015, the same account sent another email that read: "lots of pics in this link, all very good :) sending all of you a link for vids too very soon. Please send something back. really love 0-6 full pen and swallowing." (*Id.* at ¶ 11.) This email also included a Dropbox link which was no longer available. (*Id.*) That same day, another email was sent including links to multiple videos of kids and teens engaged in sexually explicit conduct including digital and real sex between children and adults. (*Id.* at ¶ 12-4.) This account would send two more emails with thousands more images and dozens more videos. (*Id.* at ¶ 15-6.)

Police determined that the IP address associated with the account was registered to Alex Dannar of 1535 North 21st Street in Grand Junction, who housed Richardson as her live in boyfriend beginning in November of 2014. (PSR at ¶ 17.) Based on this evidence, agents executed a search warrant on February 27, 2015, at the address above. (*Id.* at ¶ 18.) Richardson admitted to being the user of the email account which had sent the illegal material. (*Id.*) He gave them his passwords and admitted to using a laptop computer hidden under the couch to access child pornography. (*Id.*) A photograph taken of Richardson's leg during the search matched images seen in the child pornography sent. (*Id.*)

Officers determined that Richardson kept thousands of images, many of which were sadistic and masochistic, of child pornography in the cloud. (*Id.* at 19) Officers stated that this collection was among the worst it had ever seen. (*Id.*)

**Richardson Charged for Exploitation of Children**

On August 21, 2015, a four-count Information was filed naming the defendant. (*Id.* at ¶ 3.) Counts 1 through 3 alleged he sexually exploited a child between March and July 2014, in violation of 18 U.S.C. § 2251(a). (*Id.*) Count 4 alleges he conspired to distribute and receive child pornography between March 2014 and February 25, 2015, in violation of 18 U.S.C. § 2252A(a)(2). (*Id.* at ¶ 4.)

On June 1, 2016, Richardson filed a petition to enter plea of guilty to all four counts. (*Id.* at ¶ 5.) In exchange for concessions made by the government, Richardson waived his right to directly and collaterally appeal his conviction if sentenced to less than 40 years. (*Id.* at ¶ 6.)

During Richardson's plea hearing, he was questioned by this Court as to his mental health history:

> THE COURT: All right. And have you ever been treated for mental illness, sir?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Tell me about that.
>
> THE DEFENDANT: In the '90s as a juvenile and as an adult I was diagnosed with personality disorder with borderline traits and depression. I was treated for it.
>
> THE COURT: How long ago were you treated?
>
> THE DEFENDANT: That was in the '90s.

> THE COURT: In the '90s?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you been treated in the last decade?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you believe you are suffering from the effects of any mental illness?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you under the influence of any drug, medication, or alcoholic beverage right now?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: I have asked you those questions, Mr. Richardson, to make sure you can understand the proceedings today. If at any time you don't understand something, please feel free to ask me to clarify. Or if you prefer, we can take a break and you can speak to Ms. Choate privately, all right?
>
> THE DEFENDANT: Yes, ma'am.

(Plea Tr. 4-5.)

This Court accepted Richardson's guilty plea and sentenced him to exactly 40 years' imprisonment. (Civ. Dkt. 1 at 1).

## II. DISCUSSION

Richardson's motion raises several claims that are subject to his appellate waiver or not cognizable under § 2255. Those claims fail because: (1) the motion is time-barred, (2) he signed an appellate waiver that foreclosed all appeals except ineffective assistance of counsel, and this motion violates that waiver, (3) his plea

deal was knowing and voluntary, (4) his counsel was effective, and (5) besides his ineffective assistance claim, his constitutional claims are procedurally defaulted. For these reasons the court should dismiss Richardson's Motion to Vacate.

### A. Richardson's § 2255 Motion Is Time-barred And Not Eligible For Equitable Tolling And Therefore Must Be Dismissed With Prejudice

Richardson's motion must be denied as it is time-barred. A § 2255 motion must be filed within one year of the time the judgment of conviction becomes final. *See, Clay v. United States*, 537 U.S. 522, 532 (2003); 28 U.S.C. § 2255(f)(1). Richardson did not appeal his conviction or his sentence, thus his conviction became final November 7, 2016. *Id. See also, United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999); *Kapril v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The last day on which Richardson could have filed a timely § 2255 motion was November 7, 2017. Richardson's motion is untimely by fifteen days as he filed it on November 22, 2017. (Civ. Dkt. 1 at 11).

Richardson could argue that he is entitled to have the statute of limitations equitably tolled, although no basis for equitable tolling is apparent from Richardson's pleading and he does not raise this claim. Nothing in Richardson's § 2255 materials approach the standard required for equitable tolling. *See Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). *See also Williams v. Sims*, 390 F.3d 958 (7th Cir. 2004) (discussing the applicability of common law equitable tolling in context of state prisoner's application for federal habeas corpus relief). Equitable tolling is an extraordinary remedy for situations beyond the control of the

petitioner, which did not occur here. Richardson provides no basis for the reason his motion was filed in an untimely fashion. Richardson's § 2255 motion is time-barred and should therefore be summarily dismissed with prejudice on that basis.

    B. <u>Richardson's Appellate Waivers Foreclose Any Right to Appeal His Conviction or Sentence On Any Ground Besides Ineffective Assistance of Counsel.</u>

"A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled." *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). The rule in this circuit is firmly established that the waiver of the right to file a § 2255 motion shall, with only limited exceptions, be strictly enforced. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 1996). "[A] waiver [of appeal or of post-conviction relief rights] stands or falls with the plea bargain of which it is a part." *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). If the plea was voluntary, the waiver of appeal [or post-conviction collateral relief] must be enforced." *Nunez*, 546 F.3d at 453 (citing *United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995).

    This Court found, when it accepted Richardson's plea of guilty, that the plea was entered knowingly and voluntarily. Nothing presented by Richardson undermines or undercuts that finding.

    Thus, his appeal waiver applies. Richardson waived his right to appeal his conviction and his sentence and additionally waived his right to contest his sentence in any post-conviction relief proceeding, including one commenced pursuant to § 2255. (Plea Agreement ¶ 24-5.) That applies here.

Moreover, the United States has abided by and fulfilled its obligations under the terms of the Plea Agreement. The United States is entitled to the benefit of its bargain with Richardson. And while the government does not wish to be vindictive or encourage draconian results, Richardson's failure to abide by his appeal waiver has caused the government to respond—thus flushing "prosecutorial resources . . . down the drain." *United States v. Hare*, 269 F.3d 859, 862 (7th Cir. 2001). Thus, because Richardson has violated the terms of his plea, the United States would be entitled to ask for a harsher sentence. *United States v. Whitlow*, 287 F.3d 638, 641 (7th Cir. 2002); *Hare*, 269 F.3d at 862.

In all events, with the exception of ineffective assistance of counsel and knowing and voluntariness claims, this court should dismiss his claims on the basis of his appeal waiver.

C.  Richardson's Plea Deal Was Knowing and Voluntary

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays*, 397 F.3d 564, 567 (7th Cir.2005). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir.1989) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding the plea and grant the defendant's solemn declaration of guilt a presumption of truthfulness. *United States v. Moussaoui*, 591 F.3d 263, 277 (4th Cir. 2010).

Richardson's assertion that his plea of guilty was not knowingly and voluntarily entered (Count 12) is refuted by Richardson's change of plea proceedings. The record is irrefutable that this Court painstakingly reviewed with Richardson his constitutional rights and the terms of the Plea Agreement to which he had consented. Only after assuring itself that Richardson's plea was freely and knowingly entered, did this Court accept Richardson's plea of guilty. (See Court's Entry from June 9, 2016.)

Richardson contends that this Court did not inquire into his illnesses or the effects of his medications at the time of the plea deal. (Civ. Dkt. 2 at 14.) As the record shows, this is not the case. At the change of plea hearing, the Court gave him the chance to explain his mental health history and any medications that could be affecting this hearing. (Plea TR 4-5.) He stated that he did not suffer from any illnesses that would be affecting his ability to understand and accept the plea deal. (*Id.*) He told the court that he wasn't taking any medications that would cause issues for this hearing. (*Id.*)

At that moment the Court, his lawyer, and the government all were observing his conduct. No one in this process observed the defendant acting in a way that should give rise to concerns about the voluntariness of his plea. And this Court, having viewed Richardson in person, was "always in the best position to determine the need for a competency hearing," *United States v. Downs*, 123 F.3d 637, 641 (7th Cir. 1997) (internal quotations omitted). And that Richardson's

attorney did not "suggest his incompetence provides substantial evidence of his competence." *Id.*

This is not like the case in *Anderson v. United States*, 865 F.3d 914 (7th Cir. 2017). Richardson, unlike Anderson, did not act or speak in a way that should have put the Court or its officers on notice. *Id.* at 917. He did not make "peculiar statements" in open court. *Id.* He had not been diagnosed with paranoid schizophrenia like Anderson (to be clear, the government does not intend to belittle the seriousness of depression or a borderline personality disorder but Richardson does not appear to suffer from a "severe psychotic disorder" like Anderson). *Id.* at 920. Richardson was treated in the 1990s and did not believe he was suffering from any mental illness at the time of his plea. (Plea Tr. 4-5.) Nor was he under the influence of psychotropic drugs like Anderson—much less was there an uncertainty surrounding whether he was even consistently receiving those drugs. *Anderson*, 865 F.3d at 917–18. Unlike *Anderson*, any "need for a more probing inquiry," *Id.* at 920, was alleviated by Richardson's responses and demeanor.

In sum, while Richardson does suffer from mental illnesses, nothing indicates it interfered with his ability to knowingly plead.

D. <u>Richardson's Counsel Was Effective During All Phases of the Process</u>.

Richardson makes several claims of ineffective assistance of counsel. All of them fail.

First, he says his attorney should have filed a notice of appeal. (Count 15.) But when a valid plea agreement is in place, "counsel's duty to protect client

interests mitigates the filing of an appeal." *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). "So even if [Richardson had] asked his lawyer to file an appeal, counsel did not transgress the Constitution by honoring his client's considered written choice (the waiver) rather than this client's oral second thoughts." *Id.* at 456. Further, counsel is not ineffective for failing to present an issue, or present a motion, that is certain to fail. *United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004); *Owens v. Wainwright*, 698 F.2d 1111, 1114 (11th Cir. 1983). As Richardson had signed a plea deal which waived the right to appeal his conviction or sentence, counsel had no obligation to file that appeal.

Richardson also contends that his trial counsel failed to investigate the evidence of his case or effectively test the government's evidence during the preliminary hearings, guilt, and sentencing phase (Counts 7, 9, 11, and 14). Richardson seems to forget that he pled guilty, and by so pleading is precluded from "raising any question regarding the facts alleged in the indictment." *United States v. Walton*, 36 F.3d 32, 34 (7th Cir. 1994). Richardson has "admitted all those facts and cannot undo his admissions." *Id.* While counsel has an obligation to reasonably investigate the facts and circumstances surrounding his client's case, *see Bruce*, 256 F.3d at 597-98, to establish prejudice from such a failure the defendant must make "a comprehensive showing of what the investigation would have produced." *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (quoting *United States v. Blazano*, 916 F.2d 1273, 1296 (7th Cir. 1990)). Richardson again fails to move beyond "vague, conclusory, or palpably incredible," statements and simply insists

that his attorney failed to do "things" he is certain would have changed his case. *Bruce* at 597. Richardson received effective counsel, he just didn't have any defenses to make.

    E.  <u>Richardson's Procedural Posture Forecloses Any Appeal Regarding His Claims of Constitutional Rights Violations</u>

Richardson's remaining claims are also barred by procedural default. To preserve his issues, Richardson needed to assert them at trial or on direct appeal. *See Theodorou v. United States*, 887 F. 2d 1336, 1339 (7th Cir. 1989). "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). "An issue not raised on direct appeal is barred from collateral review absent a showing of good cause for the failure to raise the claim on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F. 3d 812, 816 (7th Cir. 1996).

Richardson did not bring forth any argument before his conviction or during a direct appeal alleging that he was subject to an illegal warrantless search (Count 1), Unlawful Entrapment (Count 2), Unlawful General Warrant (Count 3), Illegal Seizure (Count 4), Un-Mirandized Custodial Interrogation (Count 5), that he did not waive his Miranda Rights (Count 6), that the prosecution withheld *Brady* and *Giglio* material (Count 10), or that his sentence guideline calculations were incorrect (Count 13). There is nothing in the record to lend any credence to these claims, making them too "vague, conclusory, or palpably incredible," for the court to grant a hearing on. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001).

Richardson is foreclosed from bringing these claims under a § 2255 motion. This Court should summarily deny them.

1. <u>Richardson's speedy trial rights are further foreclosed as he plead guilty and did not save them for appeal.</u>

Richardson argues that the delay between his initial detention and the filing of the information were strategic by the government to gain an advantage. (Civ. Dkt. 2 at 9.)  However, "claims of speedy trial violations are non-jurisdictional defects which are waived upon a plea of guilty unless expressly reserved for appeal." *United States v. Gunn*, 16 F.3d 1226 (7th Cir. 1994). As he has pled guilty, he cannot now bring these claims.

2. <u>No *Brady* and *Giglio* materials were disclosed to the defendant because none existed.</u>

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, (1963). The government must also disclose evidence pertaining to "the reliability of a given witness." *Giglio v. United States*, 405 U.S. 150, 154, (1972).

Richardson vaguely and broadly asserts that the government did not turn over any *Brady* or *Giglio* material that may have assisted in his defense. (Civ. Dkt. 2 at 11.) But he does not even attempt to state what these documents or statements might be, or how they would have helped his defense. (*Id.*) The government does not possess any materials that would have been disclosed under the *Brady* standards,

and as the government did not call any witnesses *Giglio* does not apply. Richardson has failed to carry his burden here.

### III. CONCLUSION

For all of the foregoing reasons, the United States respectfully urges the Court to deny Richardson's Motion for Post-Conviction Relief and to dismiss his 28 U.S.C. § 2255 motion with prejudice.

    Respectfully submitted,

    JOSH J. MINKLER
    United States Attorney


    By: s/ Brian L. Reitz
    Brian L. Reitz
    Assistant United States Attorney
    Office of the United States Attorney
    10 W. Market St., Suite 2100
    Indianapolis, Indiana 46204-3048
    Telephone: (317) 226-2434
    E-mail: Brian.Reitz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2018, a copy of the foregoing Response in Opposition to Section 2255 Motion was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.  I further certify that on March 2, 2018 a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Michael James Richardson
Reg. No. 41001-013
USP - Tucson
P.O. Box 24550
Tucson, AZ 85734

        s/ Brian Reitz
        Brian Reitz
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-6125
        E-mail: Brian.Reitz@usdoj.gov