# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04472-JMS-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Michael James Richardson to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual Background

On August 21, 2015, a four-count Information was filed in *United States v. Richardson*, 1:15-cr-161-JMS-MJD-1 (hereinafter "Crim. Dkt."), Dkt. 26, naming Richardson as the defendant. Counts 1 through 3 alleged he sexually exploited a child between March and July 2014, in violation of 18 U.S.C. § 2251(a). Count 4 alleges he conspired to distribute and receive child pornography between March 2014 and February 25, 2015, in violation of 18 U.S.C. § 2252A(a)(2) and 2552A(b)(1). Crim. Dkt. 26 at p. 7.

Richardson sent emails from an account registered to "Tiff Rich" to roughly 80 people on July 25, 2014. Presentence Investigation Report, Crim. Dkt. 54, (hereinafter "PSR") at ¶ 9. The email said, "[t]his folder is just pics of all ages and all desires… write back with pics and vids of 0-12 yo hard pen, oral, swallowing, brutal, rape, anal, anything goes and tell me what you like. I also have some very 'special' personal vids of me and my daddy :)". *Id.* The email included a link to a deactivated Dropbox file location. *Id.*

On October 26, 2014, the same account sent an email containing over 180 images depicting minors engaged in sexually explicit conduct. *Id.* at ¶ 10. On January 30, 2015, the same account sent another email that read: "lots of pics in this link, all very good :) sending all of you a link for vids too very soon. Please send something back. really love 0-6 full pen and swallowing." *Id.* at ¶ 11. This email also included a Dropbox link which was no longer available. *Id.* That same day, another email was sent including links to multiple videos of kids and teens engaged in sexually explicit conduct including digital and real sex between children and adults. *Id.* at ¶¶ 12-14. This account would send two more emails with thousands more images and dozens more videos. *Id.* at ¶¶ 15-16.

Police determined that the IP address associated with the account was registered to Richardson's girlfriend, who housed Richardson as her live-in boyfriend beginning in November of 2014. PSR at ¶ 17. Based on this evidence, agents executed a search warrant on February 27, 2015, at the residential address. *Id.* at ¶ 18. Richardson admitted to being the user of the email account which had sent the illegal material. *Id.* He gave the agents his passwords and admitted to using a laptop computer hidden under the couch to access child pornography. *Id.* A photograph taken of Richardson's leg during the search matched images seen in the child pornography sent. *Id.*

Officers determined that Richardson kept thousands of images, many of which were sadistic and masochistic, of child pornography in the cloud. *Id.* at ¶ 19.

On June 1, 2016, Richardson filed a petition to enter a plea of guilty to all four counts charged in the Information (following waiver of Indictment). Crim. Dkt. 38. In exchange for concessions made by the government, Richardson waived his right to directly and collaterally appeal his conviction if sentenced to 40 years or less. Crim. Dkt. 47 at ¶ 81-82. This "waiver does not encompass claims, either on direct or collateral review, that [Richardson] received ineffective assistance of counsel." *Id.* at ¶ 82.

The Court accepted Richardson's guilty plea and sentenced him to exactly 40 years imprisonment. Judgment was entered on November 8, 2016. Richardson did not file a direct appeal.

### III. Motion to Vacate

Richardson filed this Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 on November 22, 2017. He raises fifteen grounds for relief. See dkt. 2. In response, the United

3

States argues that Richardson's claims for relief fail because (1) the motion is time-barred, (2) he signed an appellate waiver that foreclosed all appeals except ineffective assistance of counsel, and this motion violates that waiver,[1] (3) his plea deal was knowing and voluntary, and (4) his counsel was effective. The statute of limitations defense was rejected in the Entry of June 13, 2018. For the reasons explained below, none of the claims raised by Richardson entitle him to any relief.

**A. The Plea Agreement**

Richardson first attacks the validity of the plea agreement. The plea agreement specifically states that if the Court accepts the plea and sentences Richardson to 40 years of imprisonment or any lesser term, then Richardson,

> agrees not to contest, or seek to modify, his conviction or sentence or the manner in which either was determined any proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. . . . As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that he received ineffective assistance of counsel.

Crim. Dkt. 47 at p. 24-25. The United States argues that the appeal waiver in the plea agreement forecloses Richardson's right to appeal his conviction or sentence on any ground besides ineffective assistance of counsel.

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). This Court found, when it accepted Richardson's plea of guilty, that

---

[1] The United States further argues that Richardson's constitutional claims are procedurally defaulted. However, "a procedural default can be overcome if a petitioner can show cause and prejudice for the default, *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003), and 'attorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default,' *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999)." *Sanders v. Cotton*, 398 F.3d 572, 580 (7th Cir. 2005). The United States does not argue the ineffective assistance of counsel claims are procedurally defaulted. See dkt. 15 at p. 11.

4

the plea was entered knowingly and voluntarily. Specifically, at the conclusion of the plea hearing, the Court stated:

> THE COURT: It is, therefore, the finding of the Court in the case of the *United States v. Michael Richardson*, that the Defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges to which he is pleading guilty and the consequences of the plea and that his plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact, containing each of the essential elements of the offense. The plea is, therefore, accepted, and the Defendant is now adjudged guilty of Counts I through IV.

Plea Transcript, Crim. Dkt. 69 at p. 35-36.

Richardson's brief in support of his § 2255 motion argues that this Court's finding was erroneous because his psychiatric impairments foreclosed his ability to enter into a knowing, intelligent or voluntary plea agreement. Dkt. 2 at p. 13-14. Richardson further asserts that had he been healthy he would not have pleaded guilty. *Id.* at 14. In addition, Richardson argues in his reply brief that his guilty plea was not knowing, intelligent and voluntary because his attorney failed to discover facts that would have "shown the existence of a constitutional claim" and failed to inform Richardson that a challenge to the search was possible. Dkt. 23 at p. 7.

### 1. *Richardson's Competency*

"A criminal defendant may not be tried unless he is competent, and he may not . . . plead guilty unless he does so 'competently and intelligently.'" *Godinez v. Moran,* 509 U.S. 389, 396 (1993) (citation omitted) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 468 (1938)). This requirement "has a modest aim: It seeks to ensure that [the defendant] has the capacity to understand the proceedings and to assist counsel." *Godinez,* 509 U.S. at 402. The Supreme Court has "approved a test of incompetence which seeks to ascertain whether a criminal defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and

whether he has a rational as well as factual understanding of the proceedings against him.'" *Drope v. Missouri*, 420 U.S. 162, 172 (1975) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

Further, "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope*, 420 U.S. at 181. "Where the evidence before a trial court raises a bona fide doubt as to the defendant's competency, due process requires the court *sua sponte* to order a competency hearing." *Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005) (*citing Pate v. Robinson*, 383 U.S. 375, 385 (1966)). *See also* 18 U.S.C. § 4241. To safeguard this constitutional guarantee, a court must, on either party's motion or *sua sponte*, order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

There is no prejudice component to this due process inquiry. "[T]he analysis for the due process claim focuses only on events that happened in court that should have alerted the trial judge to the need for a competency hearing." *Burt,* 422 F.3d at 570. Thus, if this Court finds there was a "bona fide reason to doubt" Richardson's competence based on what the Court should have known during his criminal proceedings, then the failure to further evaluate Richardson's competence violated his due process rights.

Whether a competency hearing is warranted is necessarily an individualized determination. *McManus v. Neal*, 779 F.3d 634, 656 (7th Cir. 2015). "Relevant factors include any evidence of irrational behavior, the defendant's demeanor in court, and any medical opinions on the defendant's competency to stand trial." *Sturgeon v. Chandler*, 552 F.3d 604, 612 (7th Cir. 2009).

6

The Seventh Circuit has also considered evidence that a defendant: (a) has been diagnosed with a severe psychiatric illness, *see, e.g., Burt*, 422 F.3d at 564-65; *McManus,* 779 F.3d at 657; (b) had been receiving large dosages of psychotropic medications, *see, e.g., Burt,* 422 F.3d at 565-66; *McManus,* 779 F.3d at 657, and (c) possesses substandard intelligence. *See, e.g., Newman v. Harrington*, 726 F.3d 921, 930 (7th Cir. 2013); *Burt*, 422 F.3d at 565-66.

This Court had no "bona fide reason to doubt" Richardson's competence at the time he accepted the plea agreement and pleaded guilty. During Richardson's plea hearing, he was questioned by this Court as to his mental health history:

> THE COURT: All right. And have you ever been treated for mental illness, sir?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Tell me about that.
>
> THE DEFENDANT: In the '90s as a juvenile and as an adult I was diagnosed with personality disorder with borderline traits and depression. I was treated for it.
>
> THE COURT: How long ago were you treated?
>
> THE DEFENDANT: That was in the '90s.
>
> THE COURT: In the '90s?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you been treated in the last decade?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you believe you are suffering from the effects of any mental illness?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you under the influence of any drug, medication, or alcoholic beverage right now?

>THE DEFENDANT: No, ma'am.
>
>THE COURT: I have asked you those questions, Mr. Richardson, to make sure you can understand the proceedings today. If at any time you don't understand something, please feel free to ask me to clarify. Or if you prefer, we can take a break and you can speak to Ms. Choate privately, all right?
>
>THE DEFENDANT: Yes, ma'am.

Crim. Dkt. 69 at p. 4-5. This questioning reflects that Richardson was competent when pleading guilty. There is no evidence of irrational behavior. Richardson's demeanor in court was appropriate, there was no medical evidence that suggested he was incompetent, nor was there any suggestion that he was receiving large dosages of psychotropic medications that would impede his ability to understand and participate in the proceeding. *See* PSR, Crim. Dkt. 54 at p. 16. Under these circumstances, there was no need to further evaluate Richardson's competence and the acceptance of his guilty plea did not violate his due process rights. No relief is warranted on this basis.

### 2. *Ineffective Assistance of Counsel*

"A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions. One such exception is a claim of ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). The Supreme Court has explained that:

>The Sixth Amendment guarantees criminal defendants "the right ... to have the Assistance of Counsel for [their] defence." The right to counsel includes "'the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (*quoting McMann v. Richardson*, 397

> U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 687–688, 104 S.Ct. 2052, and (2) that any such deficiency was "prejudicial to the defense," *id.*, at 692, 104 S.Ct. 2052.

*Garza v. Idaho*, 139 S. Ct. 738, 743–44 (2019).

Richardson's theory is that if counsel had informed him that a challenge to the search was possible through a motion to suppress, he would not have pleaded guilty. Dkt. 23 at p. 7-8. His argument is unavailing, however, because counsel's alleged failure does not constitute ineffective assistance under *Strickland.*

First, there is no evidence that a Fourth Amendment violation was committed that would have created a factual basis for filing a suppression motion. Richardson asserts that his identifying information associated with his computer or network equipment was discovered "through an artifice." Dkt. 2 at page 4. Richardson describes this as an illegal or warrantless search. He is mistaken. Richardson's identifying information was discovered after a Task Force Officer requested and received a subpoena for log in IP addresses for a specific email address at specific dates and times in November, 2014. Crim. Dkt. 1, Affidavit in Support of Search Warrant, ¶ 38. The subpoena return showed one IP for all of the dates. *Id.* The Task Force Officer then requested and received a subpoena for subscriber information for the corresponding IP address. *Id.* The subpoena return provided Richardson's current address. *Id.* at ¶ 39. An FBI special agent and other law enforcement officers obtained a federal search warrant on February 26, 2015. *Id.* at ¶ 59. The search warrant was executed the next day while Richardson was at home. *Id.* Thus, there was no error in counsel's failure to advise Richardson to file a suppression motion. An attorney cannot be ineffective for failing to present an issue that is certain to fail. *See United States v. Carter*, 355

9

F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome."). Under these circumstances, there is no basis to conclude that a suppression motion would have been granted.

Accordingly, Richardson was not denied effective assistance of counsel in the negotiation of the plea agreement and the plea was entered knowingly and voluntarily. Nothing presented by Richardson undermines or undercuts that finding. Accordingly, the plea waiver shall be enforced. The only claims that survive the plea waiver are necessarily based on ineffective assistance of counsel.

### B. Claims Barred by Plea Waiver

Richardson's plea agreement and plea waiver are valid. Accordingly, all claims for relief other than those asserting ineffective assistance of counsel are waived.

These waived claims include a variety of Fourth Amendment violations. Richardson claims his Fourth Amendment rights were violated because: (1) his computer and online identity were discovered without a warrant, dkt. 2 at p. 4; (2) his home was searched, dkt. 2 at p. 5; (3) he was arrested and photographed in the absence of a warrant, dkt. 2 at p. 5-6; and (4) he provided statements before he was advised of his *Miranda* rights and his waiver of his *Miranda* rights was not knowing, intelligent or voluntary, dkt. 2 at p. 7. Relatedly, Richardson asserts that he was induced by government officials to receive and distribute sexually explicit images of minors. Dkt. 2 at p. 5. Richardson further claims that his waiver of his right to a preliminary hearing and indictment was not knowing, intelligent, and voluntary. Dkt. 2 at p 7-8 and 10-11. Richardson

claims that his counsel did not object to the government's four extensions of time to file an indictment or information. Richardson claims that the delay negatively affected his mental health and violated his right to a speedy trial under the Speedy Trial Act. Richardson claims that he is entitled to relief because the United States had exculpatory evidence and/or impeachment material that it failed to disclose. Dkt. 2 at p. 11. Finally, Richardson asserts that his sentencing guidelines were miscalculated and that the PSR contains factually inaccurate statements.

All of these claims are barred by the plea waiver and shall not be considered further.

**C. Assistance of Counsel**

Richardson's ineffective assistance of counsel claims are not barred by the plea waiver and are considered now. As previously mentioned, a petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland*, 466 U.S. at 688–94; *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Richardson must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. *See Brown v. Finnan*, 598 F.3d 416, 422 (7th Cir. 2010) ("it is the overall deficient performance, rather than a

11

specific failing, that constitutes the ground of relief") (citations omitted). Both of Richardson's specifications of ineffective assistance are discussed below.

First, Richardson claims his attorney failed to conduct adequate investigations and ascertain relevant facts concerning his case. In particular, Richardson argues that his attorney should have investigated to determine whether the search warrants were appropriate. Dkt. 2 at p. 12-13. But just as this assertion was not sufficient to undermine the validity of the plea agreement it is also not enough to entitle to Richardson to relief. When counsel's "purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (internal quotation omitted). Moreover, to prevail on an ineffective assistance claim for not filing a motion to suppress, a petitioner must show that such a motion would have been meritorious. *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010). If a motion to suppress would have had no merit, then trial counsel cannot be ineffective in failing to file such a motion. *Carter*, 355 F.3d at 924.

In this case there is no factual basis that suggests that the investigation would have produced anything that would have assisted Richardson in raising a Fourth Amendment claim. To the contrary, the Complaint and Affidavit, Crim. Dkt. 1, reflect that the investigation of Richardson's misconduct was legal in every way.

Next, Richardson asserts that his attorney was deficient during the sentencing phase of his criminal proceeding. In particular, Richardson contends his attorney failed to document mitigating factors and failed to obtain records of Richardson's mental illness. Once again there is no factual basis to support Richardson's claims. He states that his attorney failed to present relevant records, but he himself has not provided those records for review. In addition, the record reflects

Richardson's attorney specifically raised Richardson's mental health issues as a mitigating factor during sentencing. The issue was also addressed at the sentencing hearing and in the sentencing memorandum. Crim. Dkt. 62 at p. 2, and Crim. Dkt. 71 at p. 12-13. Richardson's mental health history was further discussed in the PSR and reviewed by the Court prior to sentencing. There is no basis to conclude that any additional documentation exists that should have been produced to the Court and that the failure to produce that documentation prejudiced Richardson. Richardson has failed to show that relief is warranted on this basis.

**D. Appeal Rights**

Richardson's final ground for relief is that his attorney failed to advise him of his right to appeal his sentence. Dkt. 2 at p. 16. He states in his Declaration that "My lawyer also left me with the impression that I was not allowed to appeal either my conviction or my sentence, and I am not sure whether that is true." Dkt. 2-1 at ¶ 6. Richardson does not assert nor does he provide any evidence that he wanted to file an appeal or that he asked his attorney to file an appeal. *Cf. Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) ("'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal,' with no need for a 'further showing' of his claims' merit, [*Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)] regardless of whether the defendant has signed an appeal waiver.").

The claim that Richardson did not know he had the right to appeal his sentence is frivolous and "is belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are

13

presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

The sentencing transcript specifically reflects that Richardson was told that he could file an appeal. He stated that he understood. Crim. Dkt. 71 at p. 32. He was told how to file an appeal and was instructed that the Clerk of Court can also prepare and file a notice of appeal upon request. *Id.* at p. 33. No relief is warranted on this basis.

## IV.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Richardson has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

## V. Conclusion

Richardson has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied**. A certificate of appealability is also **denied.** The **clerk is directed** to docket a copy of this Entry in criminal case number 1:15-cr-161-JMS-MJD-1.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/13/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL JAMES RICHARDSON
41001-013
UNITED STATES PENITENTIARY TUCSON
P.O. Box 24550
Tucson, AZ 85734

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov